1998 ME 112

**Kenneth IRVING, Jr.**

v.

**TOWN OF CLINTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 24, 1998.

Decided May 14, 1998.

Jonathan G. Rogers, Weeks & Hutchins, Waterville, for plaintiff.

Patrick J. Scully, Joan M. Fortin, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Kenneth Irving, Jr. appeals from the summary judgment entered in the Superior Court (Kennebec County, *Kravchuk, C.J.*) in favor of the Town of Clinton on Irving's breach of contract claim. Because we conclude that an express condition precedent to the contract did not occur, we affirm the judgment.

[¶ 2] The underlying facts in this case are not in dispute. On June 19, 1996, Irving and a majority of the Town's selectmen signed a document entitled "Snow Plowing and Road

Sanding Contract" which provided that Irving would maintain the Town's roads from October 1996 to May 1997 in return for $107,723.96. Paragraph 13 of the document states:

13. VOTER APPROVAL:

This contract is contingent upon voter approval (Article 11, Highway Dept. Account dated June 25, 1996).

The Town held its 1996 annual town meeting on June 25, 1996, at which the residents voted on Article 11, which stated in full: "To see if the town will vote to raise and appropriate the sum of $236,503.00 for the Highway Department Account." The annual town report, which had been distributed to residents and was available at the meeting, contained a detailed breakdown of the highway department budget, including an appropriation for $107,860 for plowing. At the meeting a voter moved to amend Article 11 to reduce the snow removal line from $107,860 to $99,999. The amendment passed and the Article was approved as amended. The Town then offered Irving the snowplowing contract at the reduced amount, which he refused, opting instead to file the breach of contract lawsuit that is the subject of this appeal.

[¶ 3] The Town moved for a summary judgment, and the court concluded that because the selectmen did not have the authority to contract on behalf of the municipality under the Town's governmental structure, no contract was ever entered into that could be the subject of a breach. The court essentially held that the proposed contract constituted an offer by Irving that was rejected by the voters and that Irving never accepted the Town's counteroffer of $99,999. Accordingly, the court entered a summary judgment for the Town, and this appeal followed.

[¶ 4] We need not address Irving's argument that the Town selectmen possess the authority to enter into contracts on behalf of the Town to carry out necessary governmental functions such as snowplowing.[1] Even if such authority exists the contingency provid-

ed for in paragraph 13 of the parties' contract was never met. The contract was made expressly contingent on the approval of the voters at the annual town meeting. The voters did not approve the contract as written and appropriated a lesser amount of money for snow removal. An elementary rule of contract law is that the nonoccurrence of a condition discharges the parties from their duties under the contract. RESTATEMENT (SECOND) OF CONTRACTS § 225 (1981). Because the Town's duty to pay Irving for his snowplowing services was discharged by the failure of the Town's voters to approve the contract as written, the court properly entered a summary judgment in favor of the Town.

The entry is:

Judgment affirmed.

---

1. *Cf. State v. Town of Franklin,* 489 A.2d 525, 528 (Me.1985) (vote of residents at town meeting to raise funds to relocate town dump did not authorize selectmen to enter into a consent agreement with the State that provided for monetary penalties for failure to comply with Board of Environmental Protection directives regarding the dump).