STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-11-560
TDW CUM-7, 14 2012

WAYNE JEFFORDS, et al,

Plaintiffs

v.                                        ORDER

BANK OF AMERICA CORP.,

Defendant

Before the court is a motion to dismiss by defendant Bank of America N.A.[1]

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217, 220.


1. Allegations in the Complaint

Plaintiffs Wayne and Susan Jeffords allege that in December 2006 they executed a promissory note payable to the Bank and secured by a mortgage. They also allege that they purchased a Borrower's Protection Plan from the Bank which, in exchange for

---

[1] The complaint names the defendant as the Bank of America Corp. In the motion to dismiss the Bank of America N.A. asserts that it is the real party in interest, and the documents annexed to

monthly payments of $27.46, allowed the Jeffordses to cancel certain monthly payments owed to the Bank under certain specified conditions if Wayne Jeffords became disabled for more than 30 days.[2] A copy of the terms of the Borrower Protection Plan is annexed to the complaint as Exhibit A.

The Jeffordses further allege that Wayne Jeffords became disabled on or about October 22, 2008, that he was fully disabled for more than 30 days, and that they complied with all the material conditions of the Borrower Protection Plan. They allege, however, that the Bank has declined to cancel any monthly payments on their debt because the Bank asserts that the Jeffordses have not complied with certain contractual conditions discussed in greater detail below.

In this action the Jeffordses allege that the Bank is liable for breach of contract, that the Bank has violated Maine's Unfair Trade Practice Act, 5 M.R.S. §§ 205-A et seq., and that the Bank is liable for unjust enrichment.

## 2. Breach of Contractual Conditions (Complaint Count I)

While ordinarily the court is limited to the allegations of the complaint in considering a motion to dismiss, the Jeffordses have attached a copy of their Borrower Protection Plan to their complaint. The court can consider that document because the Borrower Protection Plan is a document that is central to plaintiffs' complaint and is referred to in the pleadings. Moody v. State Liquor and Lottery Commission, 2004 ME 20 ¶¶ 9-10, 843 A.2d 43, 47-48.

---

the complaint appear to confirm that plaintiff Wayne Jeffords's contract is with the Bank of America N.A.

[2] The complaint alleges that the Jeffordses executed the promissory note and mortgage on December 29, 2006 and that they signed up for the Borrower Protection Plan on December 29, 2010. The parties appear to agree that this is a typographical error and the Borrower Protection Addendum was executed on the same date as the note.

The pertinent conditions of the Borrowers Protection Plan are that, in order to have monthly payments cancelled, Wayne Jeffords had to become disabled for more than 30 days and submit satisfactory proof of his disability from his treating physician. Plan Section II.a.3, II.a.4. To be eligible for disability protection, he must have worked at least 30 hours per week during the three month period immediately preceding the date of his disability. Plan Section II.b.

In addition, the Plan provides that to cancel monthly debt payments, the borrower has to notify the Bank within six months of the start of the disability. At that point the Bank shall send the borrower a form within 15 days that must be completed by the borrower, by his employer, and by his treating physician. The Plan specifies that the Bank "will not cancel any monthly payment until this form is properly completed and returned to [the Bank]." Plan Section II.d.2.

In their complaint the Jeffordses allege the Bank sent them the required form but that both Wayne's treating physician and his former employer were unwilling to sign it.[3] The Jeffordses allege, however, that they sent in the form along with a Workers Compensation report, including employer's statement and doctors' reports, that supplied all the necessary information that was sought in the form. Complaint ¶¶ 27, 29. A copy of the form signed by Wayne Jeffords is annexed as Exhibit C to the complaint. Copies of a Workers Compensation Decision dated September 18, 2009 and of a medical report from Dr. David Phillips dated November 22, 2010 are annexed as Exhibit B to the complaint. As discussed below, the Jeffordses do not directly allege that the documents annexed to the complaint as Exhibit B are the documents that they sent

---

[3] The employer's unwillingness to sign was ascribed to the fact that there had been a contested workers compensation case and Jeffords had not parted from the employer on amicable terms. No explanation has been offered for the treating physician's alleged unwillingness to sign. See complaint ¶¶ 22-24.

3

to the Bank in lieu of signed information from the employer and treating physician. It is also not evident that Dr. Phillips is a treating physician.

In their complaint the Jeffordses acknowledge that they did not return the form with the specific signatures of the employer and treating physician. In light of the requirement that the Jeffordses return a "properly completed form" and submit satisfactory proof of disability from a treating physician, the Bank argues that the complaint fails to state a claim for breach of contract. The Jeffordses respond that while the submission of a properly completed form is a condition of their contract with the Bank, the non-occurrence of a condition may be excused if the condition is not a material part of the agreed exchange. Restatement (Second) Contracts § 229. In this case, they argue that a properly completed form is not material if all the necessary information from the employer and treating physician has been provided in other documents.

The parties appear to agree that the submission of a properly completed form is a condition of the Jeffordses' right to cancel monthly payments under the contract. It is an elementary principle of contract law that the non-occurrence of a condition discharges parties from their duties under the contract. Irving v. Town of Clinton, 1998 ME 112 ¶ 4, 711 A.2d 141; Restatement (Second) Contracts § 225. However, if the occurrence of the condition is not a material part of the agreed exchange, the non-occurrence of a condition may be excused under some circumstances. Restatement (Second) Contracts §§ 229, 271.

In this case the court would be inclined to conclude that the condition requiring information from the employer and from the treating physician is material to the contract. The employer would be able to confirm that Wayne had worked at least 30 hours per week during the three month period immediately preceding the date of his

4

disability, which is a condition of eligibility under Section II.b of the Plan. The treating physician would be in the best position to provide medical information including the diagnosis, date of onset, dates of treatment, dates of total disability, and how long the disability had lasted or was expected to last. Moreover, the terms of the Borrowers Protection Plan are clear that (1) a claimant has to present satisfactory proof of disability from a treating physician, (2) that the benefit form has to be completed by the claimant, the employer, and the treating physician, and (3) that no monthly payments will be cancelled until the form is properly completed. Sections II.a.4, II.d.2.

However, if through no fault of the claimant there is a good reason why the claimant is not able to have the form completed by his employer and treating physician and if all the pertinent information is otherwise provided, the requirement of a completed form might be found to be immaterial under Restatement § 229. On the face of the complaint the court cannot rule that the Jeffordses cannot possibly demonstrate that there is an adequate explanation for the unwillingness of the employer and treating physician to sign the form.[4]

Whether all the pertinent information was provided in the absence of cooperation from the employer and treating physician is a more difficult question. If the only information provided to the Bank was the Workers Compensation decision and the medical report that are annexed to the complaint as Exhibit B, the court would be inclined to agree with the Bank that the Jeffordses have fallen short. As the Bank points out, the Workers Compensation decision represents a finding that Wayne was disabled

---

[4] The lack of cooperation by a treating physician may pose more problems than the lack of cooperation by an employer. The allegations in the complaint offer a possible explanation for the lack of cooperation from the employer, but the lack of cooperation by a treating physician is puzzling. Moreover, as the court reads the Borrower Protection Plan, the cancellation of monthly payments ceases when the claimant is no longer continuously disabled. Ongoing proof

5

and contains some employment information but does not establish that Wayne worked at least 30 hours per week during the three months prior to the onset of his disability. See Borrower Protection Plan Section II.b. Moreover, the report from Dr. Phillips is dated two years after Wayne allegedly became disabled and does not appear to be from a treating physician.

However, the complaint alleges that the Jeffordses sent their form "along with the entire Compensation Board's report (including employer's statement and doctors' reports)" to the Bank. Complaint ¶ 27 (emphasis added). On the face of the complaint, therefore, the court cannot rule out that the Jeffordses sent materials in addition to those in Exhibit B – materials that included a statement from Wayne's employer and reports from one or more treating physicians. Those materials could have supplied all of the pertinent information to establish eligibility. Only when all the materials provided are compared with the information required by the Borrowers Protection Plan can the court determine whether any omissions were material.[5]

Accordingly, the motion to dismiss count I of the complaint is denied.

## 2. Unfair Trade Practices Act Claim (Complaint Count II)

The court concludes that, as the Bank argues, this claim is preempted by federal law. Regulations issued by the Comptroller of the Currency expressly state that "[n]ational banks' debt cancellation contracts and debt suspension agreements are governed by this part and applicable Federal law and regulations, and not by part 14 of this chapter or by State law." 12 C.F.R. 37.1(c) (emphasis added. Federal regulations

---

of disability would likely require updated information from a treating physician. See Borrower Protection Plan Sections II.d.5, II.d.6, and II.e.2.

[5] These issues may be resolvable on summary judgment or may require a trial.

have the same pre-emptive effect as federal statutes. <u>Fidelity Federal Savings & Loan Ass'n v. De La Cuesta</u>, 458 U.S. 141, 153 (1982). The Borrower Protection Plan at issue in this case meets the definition of a debt cancellation or debt suspension contract under the federal regulations. <u>See</u> 12 C.F.R. §§ 37.2(f), 37.2(g).

Although the complaint does not expressly allege that the Bank of America is a national bank, the Jeffordses do not dispute that status. Federally chartered banks are subject to state laws of general application to the extent that such laws do not conflict with the letter of general purposes of the National Bank Act, 12 U.S.C. § 1 et seq. <u>See</u> <u>Watters v. Wachovia Bank N.A.</u>, 550 U.S. 1, 11 (2007). In count II of the complaint, however, the Jeffordses seek to subject a debt cancellation contract to a Maine consumer protection law. The federal regulations, which are expressly designed to ensure that debt cancellation contracts are subject to "appropriate consumer protections," 12 C.F.R. § 37.1(b), therefore expressly preempt the Maine Unfair Trade Practices Act with respect to debt cancellation contracts.


### 3. Unjust Enrichment (Complaint Count III)

The Bank argues that this claim is also pre-empted. Under Maine law, however, an unjust enrichment remedy exists not as a matter of consumer protection but to allow restitution in a case where contractual requisites have not been satisfied or where for some other reason there is no contractual relationship.

In the court's view, therefore, the Jeffordses' cause of action for unjust enrichment is not pre-empted. However, it fails to state a claim for another reason – because the existence of a contractual relationship precludes recovery on a theory of unjust enrichment. <u>Nadeau v. Pitman</u>, 1999 ME 104 ¶ 14, 731 A.2d 863. The Jeffordses have alleged that there is a contractual relationship in this case, and the documents that

7

are annexed to their complaint confirm that relationship. As a result, this action must stand or fall on whether the Jeffordses have complied with their contract, whether any conditions to that contract that did not occur should be excused as immaterial, and whether the Bank was within its rights to decline the Jeffordses' application to cancel monthly payments.

Under these circumstances, the allegations in the complaint fail to state a claim for unjust enrichment.

The entry shall be:

Defendant's motion to dismiss is denied as to count I of the complaint but is granted as to counts II and III of the complaint. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 18, 2012

Thomas D. Warren
Justice, Superior Court

**WAYNE JEFFORDS ET AL VS BANK OF AMERICA CORPORATION**
CASE #:PORSC-CV-2011-00560

----------------------------------------------------------------------------------

SEL VD                              REPRESENTATION TYPE      DATE

### 01 009805 ATTORNEY: SWIFT, CORIN R
ADDR: 85 EXCHANGE STREET SUITE 300 PORTLAND ME 04101
  FOR: BANK OF AMERICA CORP.    DEF    RTND  04/03/2012

### 02 004006 ATTORNEY: GOLDMAN, JEFF
ADDR: 85 EXCHANGE STREET SUITE 300 PORTLAND ME 04101
  FOR:B ANK OF AMERICA COR.    DEF    RTND  03/13/2012

### 03 004274 ATTORNEY: BERTRAND, LEIGH
ADDR: 537 CONGRESS STREET PO BOX 7523 PORTLAND ME 04112
  FOR: WAYNE JEFFORDS         PL    RTND  12/23/2011
  FOR: SUSAN JEFFORDS          PL    RTND  12/23/2011