STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. CV-15-32

                          STATE OF MAINE
                      Cumberland, ss. Clerk's Office

MICHAEL HAMLIN,
                                     JAN 0 5 2016

            Plaintiff                              ORDER ON DEFENDANTS'
                         RECEIVED MOTION TO DISMISS OR
                                                   ALTERNATIVELY TO STAY
v.                                                 THE PROCEEDINGS

GEICO INDEMNITY CO., et al.,

            Defendants


        Before the court is defendants GEICO Indemnity Co. and Sarah Grzybowski's motion to

dismiss, or alternatively to stay, plaintiff's breach of contract action. For the following reasons,

the court denies the motion to dismiss and grants the motion to stay.

I.      FACTS

        On September 30, 2014, plaintiff obtained an insurance policy from GEICO that provided

coverage for his 1997 GMC Yukon S1/SLE (the "vehicle"). (Compl. ¶ 1.) On October 30, 2014,

plaintiff filed a police report stating that the vehicle had been stolen. (Compl. p. 2.) The police

recovered plaintiff's damaged vehicle nearby and towed it to a garage in South Portland. (Id.) On

November 1, 2014, a GEICO appraiser inspected the vehicle at the garage. (Id.) He determined

that the vehicle was totaled and recommended a settlement amount of $2,858.03. (Id.)

        On November 18, 2014, plaintiff faxed a copy of the police report to Sarah Grzybowski,

a GEICO insurance agent. (Id.) The police report indicated that the reporting officer questioned

the veracity of plaintiff's report. (Def.'s Ex. 1.) Plaintiff had made two prior stolen vehicle

reports—one in November 2011 and the other in September 2013—and the reporting officer

1

found it "odd" that he now had a third stolen vehicle.[1] (*Id.*) She also believed that the vehicle's windows had been broken from the inside because the windows were "bowed outward" and most of the broken glass was outside the vehicle. (*Id.*)

On November 24, 2014, plaintiff and Ms. Grzybowski spoke on the phone regarding plaintiff's claim. (Compl. p. 2.) Plaintiff contends that Ms. Grzybowski stated that she was approving the recommended settlement amount of $2,858.03. (*Id.*) GEICO claims that this initial approval was based only on the information plaintiff had provided to date and was contingent on completion of GEICO's investigation. It is undisputed that Ms. Grzybowski authorized a $200 payment for the loss of plaintiff's personal items in the vehicle, and that plaintiff received this payment. (*Id.*) Plaintiff then sent the vehicle's keys and title to GEICO. (*Id.*) That package never arrived, and plaintiff was informed that he needed to obtain a new title. (*Id.*)

While plaintiff was obtaining a new title, GEICO became aware of several inconsistencies in the materials plaintiff submitted in his claim.[2] As a result of these inconsistencies and the statements in the police report, GEICO requested on January 19, 2015 that plaintiff submit to an examination under oath. (Def.'s Ex. 3.) GEICO scheduled an examination for February 17, 2015, but plaintiff was unable to attend. (Def.'s Exs. 5-6.) GEICO sent plaintiff a letter requesting that he reschedule the examination. (Def.'s Ex. 6.) The record does not indicate whether plaintiff contacted GEICO to reschedule. It is undisputed, however, that plaintiff has since become incarcerated and has not attended an examination to date.

---

[1] In March 2015, plaintiff initiated a separate lawsuit against GEICO regarding a fourth stolen vehicle incident in January 2015. Judgment was entered for plaintiff in June 2015. PORDC-SC-15-176.

[2] For example, plaintiff stated in his Vehicle Theft Questionnaire that he paid $2,500 for the vehicle, (Pl.'s Ex. 2), however he had stated in a phone interview with a GEICO representative the day before that he paid $2,200. (Pl.'s Ex. 3.) The police report indicates that he is transient and does not list an address (Def.'s Ex. 1), however, plaintiff stated in the phone interview that he rents an apartment for $632 per month. (Pl.'s Ex. 3.) The police report also states that plaintiff was staying with a man named Juan at the time of the theft, (Def.'s Ex. 1), however, the phone interview suggests that this man's name was Antonio. (Pl.'s Ex. 3.)

2

Plaintiff filed his complaint on January 22, 2015, alleging one count of breach of contract. (Compl. ¶¶ 1-8.) Plaintiff seeks a total of $8,733.06, which includes $2,858.03 in compensatory damages, treble damages for GEICO's failure to honor the contract, and costs and fees. (Compl. ¶¶ 8-11.) On March 27, 2015, defendants filed a motion to dismiss. Plaintiff filed an opposition to defendants' motion on April 6, 2015, and defendants filed a reply on April 13, 2015. Plaintiff then filed a surreply, which defendants have moved to strike.[3] A hearing on defendants' motion was held on November 30, 2015.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. The court reviews the complaint's material allegations in the light most favorable to the plaintiff and dismisses the complaint only "when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts . . . ." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (citation omitted). The court may consider the pleadings, official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, when the authenticity of those documents is not challenged. *Id.* ¶ 10. Alternatively, the court "may temporarily stay the execution of its judgment whenever it is necessary to accomplish the ends of justice." *Cutler Assocs. v. Merrill Trust Co.*, 395 A.2d 453, 456 (Me. 1978).

### B. Breach of Contract

Plaintiff argues that GEICO has breached the insurance policy because it has failed to pay him the recommended settlement amount. To prevail on a breach of contract claim, plaintiff must

---

[3] The court does not consider plaintiff's surreply because M.R. Civ. P. 7 allows only a motion, an opposition to the motion, and a reply to the opposition. M.R. Civ. P. 7(b), (c), (e).

prove the existence of an enforceable contract, a breach of the applicable contractual duty, causation, and damages. *Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248. GEICO argues that it has not breached its duty for two reasons: (1) its duty has been discharged because plaintiff has not submitted to an examination under oath, which is a condition precedent under the policy, and (2) it has not actually denied plaintiff's claim.

1. Condition Precedent

GEICO first argues that its duty has been discharged because plaintiff has not submitted to an examination under oath. "An elementary rule of contract law is that the non-occurrence of a condition discharges the parties from their duties under the contract." *Irving v. Town of Clinton*, 1998 ME 112, ¶ 4, 711 A.2d 141. However, a condition's non-occurrence discharges the duty only when the condition can no longer occur. Restatement (Second) of Contracts § 225 (1981). When the policy, or a relevant statute, does not contain a time limit by which the insured must submit to an examination under oath, a reasonable time is implied. *Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 649 (Me. 1993).

In *Marquis*, the Marquis filed an insurance claim after a fire destroyed their crop and farm machinery. *Id.* at 646. Because the fire seemed suspicious, the insurer requested that Mr. Marquis submit to an examination under oath. *Id.* Two days after this request, Mr. Marquis was indicted on two counts of arson. *Id.* Mr. Marquis notified the insurer that he would not submit to an examination until completion of the criminal proceeding. *Id.* The insurer rejected the Marquis' claim on the basis that Mr. Marquis failed to submit to the examination. *Id.* The Marquis sued for breach of contract, and the trial court held that Mr. Marquis' failure to submit to the examination did not relieve the insurer of its duty to pay. *Id.* at 650. The Law Court upheld

4

this determination because Mr. Marquis had "not unconditionally refused to submit at all" and simply wished to postpone the examination until the criminal matter was resolved. *Id.* at 649.

Here, plaintiff's policy makes plaintiff's submission to an examination under oath a condition precedent to coverage. Under the heading "General Conditions," the policy states that: "The insured or any other person that is seeking coverage under this policy must submit to examination under oath by any person that is named by us when and as often as we may require." (Def.'s Ex. 2 18.) Notably absent from this provision is any time limit by which plaintiff must submit to the examination. Combining this fact with the holding in *Marquis*, plaintiff's submission to the examination can no longer occur if an unreasonable amount of time has elapsed or plaintiff unconditionally refuses to submit to the examination at all.

Nothing in the record indicates beyond doubt that either of these events has occurred. It is true that, in contrast to *Marquis*, plaintiff has not expressed willingness to submit to the examination in the future. However, he has also not unconditionally refused to submit at all, and there appears to be some ambiguity on the time by which plaintiff must indicate his willingness to submit. *See* 5A Appleman, *Insurance Law and Practice* § 3550 at 555 (1970) ("If the insured is unable to attend the examination, he or she must offer to submit as soon as he or she is able."). In addition, an unreasonable period of time has not elapsed, in light of plaintiff's incarceration. Plaintiff became incarcerated approximately one month after the scheduled examination,[4] and his incarceration has undoubtedly hindered his ability to submit to the examination. As a result, it is not beyond doubt that either plaintiff's refusal or an unreasonable lapse of time has relieved GEICO of its duty to pay.

---

[4] The record does not indicate the exact date of plaintiff's incarceration. However, he filed a change of address to Maine Correctional Center on March 18, 2015.

## 2. Denial of Plaintiff's Claim

GEICO argues that it has not breached its duty because it has not denied coverage and is still in the process of determining whether plaintiff's loss is compensable.[5] "[A] case is ripe when there exists a genuine controversy between the parties that presents a concrete, certain, and immediate legal problem." *Johnson v. City of Augusta*, 2006 ME 92, ¶ 7, 902 A.2d 855 (citation omitted). The court assesses both the case's fitness for judicial review and "any hardship caused to the parties from the withholding of adjudication." *Id.* ¶ 8. Speculative hardships do not meet this requirement. *Clark v. Hancock Cnty. Comm'rs*, 2014 ME 33, ¶ 19, 87 A.3d 712.

Plaintiff does not have a concrete or certain legal problem because GEICO has not denied his claim. Plaintiff has not referred to any documentation from GEICO stating that it has denied plaintiff's claim, and GEICO presumably would not seek plaintiff's participation in an examination under oath if it had already denied his claim. Indeed, GEICO's request for an examination is evidence that it is still investigating plaintiff's claim. If GEICO does deny plaintiff's claim, and plaintiff has grounds for claiming the denial breaches his policy, plaintiff will at that time have a concrete legal problem. Until that time, plaintiff is simply awaiting notice of whether GEICO will approve his claim, which does not constitute a legal problem.

In terms of hardship, plaintiff will not receive any money until GEICO either approves his claim or plaintiff prevails on a breach of contract claim at a later time. However, the court cannot hear a claim that is not fit for judicial review simply because plaintiff wishes to receive payment more quickly. GEICO will not suffer a hardship because it will simply continue with its investigation as planned, and in fact, it will avoid the hardship of litigating a breach of contract

---

[5] GEICO must determine whether plaintiff's loss was intentional and/or whether he knowingly concealed or misrepresented a material fact relating to coverage because plaintiff's policy denies coverage on either of these grounds. (Def.'s Ex. 2. 9, 18.)

claim before determining the underlying insurance claim. As a result, plaintiff's claim is not ripe for review, and the court stays the action pending completion of GEICO's investigation.

## III. CONCLUSION

The court hereby ORDERS that defendants' motion to dismiss is DENIED and its motion to stay is GRANTED effective October 15, 2015. Plaintiff remains under a duty to submit to an examination under oath pursuant to his policy with GEICO. No interest shall accrue from November 30, 2015 until the date on which plaintiff submits to the examination.

Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated: **1-5-16**

Roland Cole
Chief Justice, Superior Court

7